McKEE, ESTATE OF, In re

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3140.   Decided July 15, 1940.

### OPINION

BY THE COURT:

The above-entitled cause is now being determined on appellant's motion to order bill of exceptions filed and made a part of the record in this case.

A two-page memorandum is appended to the motion.

The motion and memorandum are really a presentation anew of the identical questions previously considered and determined by this Court.

The theme through the memorandum is failure of the lower court to perform its duties and the striking of the bill of exceptions from the file on purely technical grounds.

If either of these contentions could be demonstrated, we would not hesitate for a moment to grant appellant's motion; in fact, the bill of exceptions would not have been stricken.

Counsel evidently are laboring under a misapprehension as to where the duty rests in preparing and presenting bill of exceptions. The procedure is so well recognized that it should not be necessary to state that this is the sole duty of the attorney representing the appellant.

After counsel files his bill of exceptions with the County Clerk, then it becomes the duty of such clerk to give notice to opposite counsel, in due time present to the trial judge, receive back from the trial court when approved, and so forth.

Any failure of the County Clerk, opposite counsel or the trial court to perform their prescribed duties within the time designated under the statute, will not deprive appellant of his right of appeal or right to have a bill of exceptions filed and considered.

In order for appellant to be secure in these rights, he or his counsel must proffer the bill of exceptions within the time prescribed under the law. It is also the duty of counsel for the appellant to file a precipe in the reviewing court, requesting the Clerk to file bill of exceptions therein.

Counsel for movant is in error in urging that it was the duty of the County Clerk to refile bill of exceptions in Appellate Court at the time that journal entry was presented authorizing such thing. Unmistakably, this was the duty of counsel.

Furthermore, counsel urge that we should overlook technicalities and order the bill of exceptions refiled so as to be available for consideration on hearing on review. We would very gladly do this if such a procedure was within our discretion. It is not within the power of a Court to legislate. This function of government must be performed by the Legislature. The essential procedural steps are prescribed by law. In granting appellant thirty days within which to have bill of exceptions prepared and allowed, we were following the provisions of the Code. The time limitation being fixed, we have no power to extend it.

Appellant's motion must be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.